# INTRODUCTION

I, Roberto Rondon, a Special Agent, with the U.S. Coast Guard Investigative Service, being duly sworn, depose and state the following:

1. I am currently a Special Agent with the United States Coast Guard Investigative Service (CGIS) and an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered to conduct investigations and to make arrests for federal felony offenses.

2. I have been employed as a Special Agent with CGIS since March 2023. I am currently assigned to Coast Guard Resident Agent Office San Juan, and I'm responsible for conducting investigations into federal felony offenses and violations of the Uniform Code of Military Justice.

3. I have received specialized training concerning violations of Titles 18, 21, and 46 of the United States Code, while attending the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA.

4. Prior to my employment with CGIS, I served as an intelligence officer at various duty stations throughout the United States; Coast Guard Sector San Juan being my last duty station with the Coast Guard, position from which I retired in 2022 after completing 22 years of active-duty service.

5. As a current CGIS Special Agent, I am responsible for the coordination and conclusion of complex criminal investigations with federal, state, and local law enforcement partners.

6. I have participated in many investigations as the case agent. I have debriefed defendants, witnesses, and informants who had personal knowledge of major offenses.

Additionally, I have participated in many aspects of investigations including conducting physical surveillance, writing and executing search warrants, and conducting arrests.

7. I have received instruction and training and have participated in investigations involving drug trafficking organizations and the laundering of drug proceeds. I have used a variety of investigative techniques, including interviews of informants and cooperating witnesses; physical surveillance; controlled drug purchases; consensual monitoring and recording of telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; and search and arrest warrants that have led to seizures of narcotics, firearms, and other contraband.

8. During my law enforcement career, I have participated in multiple arrests of suspects charged with drug and/or violent offenses.

9. I have also completed a bachelor's degree in Intelligence Studies with a minor on Law Enforcement Intelligence from accredited Universities in the United States.

10. Because of my personal participation in this investigation, training and because of information provided to me by other agents and officers, and my personal observations, I am familiar with the facts and circumstances of this investigation. My experience in investigating criminal offenders, my education, my conversations with senior agents, and my specialized training formed the basis of the opinions and conclusions set forth below which I drew from the facts set forth herein. I have not set forth all the facts uncovered during this investigation in preparing this affidavit.

This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for

a criminal complaint charging **(1) Richard Barranca Disla, (2) Luis Molina Rivas, (3) Jerinson Guzman David,** and **(4) Ruben Castillo Medina** with possession with intent to distribute more than five (5) kilograms of cocaine, a Schedule II controlled substance, and conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and also with 18 U.S.C. § 2237(a)(1), failure to heave. Additionally, there is probable cause to charge (4) Ruben Castillo-Medina and (1) Richard Barranca-Disla for violating 8 U.S.C. §§ 1326 (a) and (b)(2) – Reentry and attempted reentry of removed alien subsequent to an aggravated felony conviction. Finally, there is probable cause to charge (2) Luis Molina Rivas and (3) Jerinson Guzman David for violating 8 U.S.C. § 1325(a)(1): entering and attempting to enter the United States at a time and place other than as designated by immigration officers.

## STATEMENT OF PROBABLE CAUSE

11. On January 22, 2025, at approximately 10:00pm, while on a routine patrol, Coast Guard Maritime Patrol Aircraft (MPA) CG-2304 reported the sighting of a 25-foot long *yola*[1] type vessel with multiple persons and visible packages on board, approximately 50 nautical miles north of Isabela, PR, with a heading of 170 degrees (southeast).

12. The Coast Guard Sector San Juan Command Center diverted Coast Guard Cutter (CGC) JOSEPH DOYLE to interdict the *yola*. A Customs and Border Protection boat (MIKE 847) and a helicopter also responded. Later a CBP MPA (TROY 303) relieved CG-2304 and maintained air coverage.

13. Upon arrival on scene, CGC JOSEPH DOYLE launched small boat to interdict the *yola* along with CBP MIKE 847. The CG small boat turned on its blue lights to signal

---

[1] Small, often makeshift, wooden boat.

the *yola* to stop. At that moment, law enforcement personnel saw the persons onboard the *yola* start throwing packages overboard. The occupants of the boat failed to comply with the stop signal. CG small boat, CBP MIKE 847, and CBP helicopter began a pursuit of the *yola*.

14. During the pursuit, CBM MIKE 847 officers employed non-lethal warning shots to signal to the *yola* operators to stop the vessel. The *yola* did not comply, and after approximately half a mile of pursuit, CBP officers employed disabling fire aimed at the engines of the fleeing *yola*.

15. During the pursuit, the CG small boat recovered three bales from the water. CBP MIKE 847 officers recovered one additional bale from the water.

16. CBP and CG recovered a total of four bales containing approximately 128 kilograms of cocaine. A field test was conducted rendering positive for cocaine.

17. The four persons onboard the yola were identified as: (1) Richard Barranca Disla, (2) Luis Molina Rivas, (3) Jerinson Guzman David, and (4) Ruben Castillo Medina, all nationals of the Dominican Republic with no legal status in the United States.

18. All four persons stated that they departed the area of Sanchez, Samana, Dominican Republic. Post-*Miranda*, all four admitted to knowing that they were transporting cocaine on the boat.

19. All four attempted to enter the United States at a time and place other than as designated by immigration officers in violation of 8 U.S.C. § 1325(a)(1).

20. **(4) Ruben Castillo Medina** has been removed from the United States previously. He has a previous conviction for 8 U.S.C. § 1326(a).

a.  On October 23, 2011, Border Patrol Agents apprehended 13 Dominican nationals in the vicinity of Martinica Aguadilla, Puerto Rico. Among this group was Ruben Castillo-Medina. All subjects were arrested and transported to the Ramey Border Patrol Station in Aguadilla, PR for further investigation and processing. Castillo-Medina was enrolled into the E3 and IAFIS Systems. The E3 System issued FINS #1125162265. Castillo-Medina was issued Alien Registration # 200 658 448 and FBI # 932166MD4 and was processed for Expedited Removal.

b.  On May 12, 2016, at approximately 1:55 PM a USCG Cutter intercepted a *yola* forty seven (47) nautical miles northwest of Aguadilla, Puerto Rico with fifty eight (58) people on board (56 adult males, 1 adult females and 1 juvenile female), including Ruben Castillo-Medina. On October 14, 2016, Ruben Castillo-Medina pled guilty in the District of Puerto Rico in case 16-648 (FAB) to reentering the United States as previous removed alien, in violation of 8 U.S.C. §§ 1326 (a). He was removed again from the United States.

c.  On October 11, 2023, Ramey Border Patrol Agents took custody of four (4) Dominican nationals that were intercepted on a vessel near Aguadilla on October 9, 2023. Subjects were intercepted at sea by USCG. Ruben Castillo-Medina was on board. Also on the vessel was Richard Barranca-Disla. Ruben Castillo-Medina was convicted in the District of Puerto Rico for that incident for aiding and abetting the transportation of one or more illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(i) under the name Ruben Medina-Medina in case 23-399 (FAB) and removed again from the United States. His felony conviction for

violating 8 U.S.C. § 1324(a)(1)(A)(i) constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(N).

    d.    Record checks also revealed that Ruben Castillo-Medina had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, he has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

21.    Richard Barranca-Disla has been removed from the United States previously. He has a previous conviction for 8 U.S.C. § 1324(a)(1)(A)(i).

    a.    On October 11, 2023, Ramey Border Patrol Agents took custody of four (4) Dominican nationals that were intercepted on a vessel near Aguadilla on October 9, 2023. Subjects were intercepted at sea by USCG. Richard Barranca-Disla was on board. Also on the vessel was Ruben Castillo-Medina. Richard Barranca-Disla was convicted in the District of Puerto Rico for that incident for aiding and abetting the transportation of one or more illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(i) in case 23-399 (FAB) and removed from the United States. His felony conviction for violating 8 U.S.C. § 1324(a)(1)(A)(i) constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(N).

    b.    Record checks also revealed that Richard Barranca-Disla had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, he has not obtained consent from the Secretary of Homeland

Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

## CONCLUSION

Based upon my training, experience, and my participation in this investigation, I respectfully submit that sufficient probable cause exists that all four defendants committed violations of federal drug laws, to wit: possession with intent to distribute more than five (5) kilograms of cocaine, a Schedule II controlled substance, and conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Additionally, all four violated 18 U.S.C. § 2237(a)(1), failure to heave. Additionally, (4) Ruben Castillo-Medina and (1) Richard Barranca-Disla committed a violation of: 8 U.S.C. §§ 1326 (a) and (b)(1) – Reentry and attempted reentry of removed alien subsequent to an aggravated felony conviction. Finally, (2) Luis Molina Rivas and (3) Jerinson Guzman David violated 8 U.S.C. § 1325(a)(1) by entering and attempting to enter the United States at a time and place other than as designated by immigration officers.

_____
Roberto Rondon
Special Agent
Coast Guard Investigative Service

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1. by telephone at 10:21 a.m. on this 24th day of January 2025, in San Juan, Puerto Rico.

_____
Digitally signed by Hon. Giselle López-Soler
Hon. Giselle López-Soler
United States Magistrate Judge
District of Puerto Rico